UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| ROBERT LEE HOLLON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.10-CV-177-KSF |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN KENTUCKY | ) | **MEMORANDUM OPINION AND** |
| CORRECTIONAL COMPLEX, | ) | **ORDER** |
| | ) | |
| Defendant. | | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*

Plaintiff Robert Lee Hollon is confined in the Eastern Kentucky Correctional Complex ("EKCC"), which is located in West Liberty, Kentucky. Proceeding *pro se*, he has filed the instant civil rights Complaint which the Clerk of the Court has docketed as a 42 U.S.C. § 1983 proceeding.[1] Hollon has named one defendant, the EKCC, which is an adult correctional facility operated by the Kentucky Department of Corrections ("KDOC"). By separate Order, Hollon has been granted permission to proceed *in forma pauperis*. R. 11.

Federal law requires the Court to screen complaints filed by prisoners which assert civil claims against governmental entities or employees, 28 U.S.C. § 1915A(a), and to dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

---

[1] Hollon has recently submitted two subsequent letters docketed respectively as R. 9 and R. 10. Construed broadly, these submissions appear to constitute Amended Complaints.

1915A(b)(1), (2).[2] Because a claim must state sufficient factual matter which, if accepted as true, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), a claim is subject to dismissal for failure to state a claim where the complaint pleads facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## DISCUSSION

Hollon's original submission consists of over thirty-three pages of single-spaced handwritten and typewritten statements.[3] On July 6, 2010, Hollon supplemented that filing with a similarly styled nine-page submission, R. 9. On July 19, 2010, he submitted yet a third filing, this one twenty-two pages in length, R. 11. The "Complaint" and two supplements are nothing more that redundant, incomprehensible rambling streams of consciousness which make little, if any, sense. In the few passages of Hollon's three submissions which the Court can understood and summarize, he appears to broadly and generally assert numerous repeated allegations including, but not limited to, the following:

(1) that he and his family members are being tortured;

(2) that "national security" has been breached and that the Department of Homeland Security needs to be contacted;

---

[2] *Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

[3] Hollon subsequently filed several duplicates of his Complaint, R. 2, at various other divisional federal courthouses located in this district. *See* Clerk's notations at R. 5, 6, 7, and 8.

(3) that various federal agents discovered an unspecified "murderous technology" formulated during the Reagan presidency;

(4) that administration of former President Ronald Reagan engaged in illegal political activities; pursued illegal torture policies; and concealed all of its clandestine operations;

(5) that former First Lady Nancy Reagan knew about and participated in the alleged activities and cover ups, and in so doing, provided Hollon's Will, badge, and identification card to the Reagan Presidential Library;

(6) that he belonged to a special task force established by the President and former Governor Jones of Kentucky;

(7) that the state workers' union was corrupt at that time and spent money having dissenters and prisoners tortured and murdered;

(8) that a special prosecutor needs to be named to investigate his claims;

(9) that "technology" has been placed in his body and "speakers" have been inserted into his ears;

(10) that he needs to be transported to a hospital to have the parts removed from his body;

(11) that he needs to be administered a polygraph test and asks to be housed in a "dry cell" of a Kentucky federal courthouse until the polygraph test can be administered;

(12) that he was involved with the Central Intelligence Agency ("CIA"); that the CIA needs to be notified of the devices implanted in his body and that the Director of the CIA must take certain actions on his behalf; and

(13) that on April 26, 2010, Federal Bureau of Investigations ("FBI") Special Agent-in-Charge Elizabeth A. Fries sent him a letter advising him that the FBI could find no basis for investigating various claims he had asserted with that agency, and that Fries improperly refused even to open his "package." *See* FBI letter, R. 2-1, p. 1.

Hollon's allegations are clearly delusional. He asserted no legitimate claims or request for relief relating to actual or specific conditions of his confinement at the EKCC. If such claims were buried within his rambling submissions, they were neither clearly identified nor presented in a comprehensible, succinct manner. Instead, Hollon engaged in a therapeutic outpouring in which he alleged covert and illegal actions by state and federal governments occurring twenty to thirty years ago. This Court will not expend any more of its limited resources digging through three submissions consisting of over sixty pages of single-spaced material in hopes of divining a possible, valid claim against the EKCC.

In all respects, Hollon's Complaint and two supplements violate Federal Rule of Civil Procedure 8 (a) and (e), which require a plaintiff to submit a short, plain and concise statement of his claims and relief. As another federal court aptly put it:

> [n]either the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format.

*Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (citing *Windsor v. Colorado Dep't. of Corr.*, 9 Fed. App'x. 967, 968 (10th Cir. 2001) (quotation marks omitted)).

*Sua sponte* dismissal of a complaint is appropriate where the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (same); *Selvy v. Shabazz*, No. 02-72146, 2002 WL 31548614 at *1 (E.D. Mich., May 28, 2002) (same). Hollon's allegations are factually frivolous and amount to a waste of this Court's time and resources.

Even if the Court were able and willing to overlook the inherent pleading defects in Hollon's Complaint and supplements, and were to broadly construe his filings as demands for damages against the EKCC, his Complaint and supplements would still fail to state a claim for relief. The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. The Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993).

Also, because the KDOC is a state agency, it is not a "person" amenable to a suit for damages under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Wells v. Brown*, 891 F.3d 591, 592-93 (6th Cir. 1989); *Daleure v. Kentucky*, 119 F. Supp.2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."); *Robinson v. Southern Health Partners*, No. 4:10-CV-00065, 2010 WL 2000245, at *1 (W.D. Ky. May 19, 2010). Thus, to the extent

that Hollon may be seeking monetary damages from the EKCC, which operates under the auspices of the KDOC, that construed claim will be dismissed for failure to state a claim.

Next, in Hollon's most recent July 19, 2010, submission, he attached various pleadings from his criminal case currently pending in the Supreme Court of Kentucky. *See* R. 10-1, pp. 2-4. These attachments identify the state court appellate proceeding as *Hollon v. Commonwealth of Kentucky*, No. 2008-SC-000618 (Court of Appeals No. 2007-CA-001053-MR; Franklin Circuit Court Indictment No. 94-CR-00086). *Id*.

These filings indicate that oral arguments have already been, or may soon be, scheduled in Hollon's criminal appeal pending in the Kentucky Supreme Court. To the extent that Hollon refers to this state court appellate proceeding, and to the extent that he may be seeking relief from that state court appellate proceeding, he states no claim. Federal courts are required to abstain from meddling in a pending state court criminal proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001).

Alternatively, if Hollon's criminal appeal has since been concluded adversely to him, this Court would lack jurisdiction to entertain his claims under the *Rooker-Feldman* doctrine. "*Rooker-Feldman* stands for the simple (yet nonetheless confusing) proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)). Even constitutional claims that are inextricably intertwined with the state

court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker*, 263 U.S. at 415-16; *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000).

An unsuccessful state court litigant must pursue a timely appeal in the state appellate courts, and if necessary, apply for a writ of certiorari to the United States Supreme Court. *See Gottfried*, 142 F.3d at 330. Therefore, irrespective of whether Hollon's state court appellate proceeding is currently pending or has been concluded, he asserts no basis for invoking the jurisdiction of this Court on that issue.

Finally, this dismissal will count as a dismissal under the "Three Strikes" provision of 28 U.S.C. § 1915(g). That statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Therefore, a prisoner meeting the statutory condition of having three prior actions dismissed for any of the reasons set out above may not be granted permission to proceed without prepayment of fees under § 1915, but must pay the fees in full at the time of filing the civil action or appeal. The only exception to this limitation is if the prisoner is under imminent danger of serious physical injury. Hollon is duly advised of this fact.

CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1). The Clerk of the Court is directed to identify Plaintiff Robert Lee Hollon's July 6, 2010, letter, R. 9, as a First Amended Complaint; and to identify Hollon's July 19, 2010, letter, R. 10, as a Second Amended Complaint.

(2). All of Hollon's claims asserted against the Eastern Kentucky Correctional Complex, set forth in R. 2, R. 9, and R. 10, are **DISMISSED WITH PREJUDICE**.

(3). The Court will enter a separate Judgment.

This 22nd day of July, 2010.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**